**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- X
                        :

RAFAEL M. PANTOJA,           :
                        :

         Plaintiff,     :       Case No. 11 Civ. 3636 (VLB)
                        :

    - v -            :        ECF Case
                        :

BANCO POPULAR AND AMERICAN  :
SECURITY INSURANCE COMPANY,  :
                        :

        Defendants.    :
                        :
------------------------------------------- X

## REPLY MEMORANDUM OF LAW OF DEFENDANT AMERICAN SECURITY INSURANCE COMPANY IN SUPPORT OF MOTION TO DISMISS

SULLIVAN & WORCESTER LLP

Andrew T. Solomon
Karen E. Abravanel
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
Email: asolomon@sandw.com
      kabravanel@sandw.com

*Attorneys for Defendant American Security Insurance Company*

Defendant ASIC[1] respectfully submits this reply memorandum of law in support of its motion to dismiss the second and third causes of action of Pantoja's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"), and in response to Pantoja's Affidavit of Opposition filed on January 25, 2012 (the "Opposition").

## PRELIMINARY STATEMENT

ASIC has moved to dismiss the Amended Complaint because both of Pantoja's claims against ASIC fail as a matter of law: the ASIC Policy provides no coverage for the April 2007 Loss, and Pantoja fails to plead any of the required elements of a civil RICO claim. Pantoja's Opposition does not—and cannot—remedy these fundamental deficiencies. Indeed, by purporting to rely on new (and irrelevant) facts and claims, as well as blatant distortions of the express terms of the ASIC Policy, the Opposition only underscores the insufficiency of Pantoja's claims against ASIC.

## ARGUMENT

## I.   PANTOJA CANNOT SALVAGE HIS AMENDED COMPLAINT BY ALLEGING NEW FACTS AND CLAIMS

Pantoja seeks to remedy his faulty pleading by alleging new facts and by simply stating in his Opposition causes of action that are not alleged in the Amended Complaint. This effort is improper and unavailing. Even if these new facts and claims were properly before the Court, they would have no effect on the outcome of the Motion.

As a preliminary matter, Pantoja may not further amend his Amended Complaint to add new claims by raising them for the first time in his motion papers. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for first time in plaintiff's

---

[1] Unless otherwise defined, capitalized terms shall have the same meanings ascribed to them in ASIC's Memorandum of Law in Support of its Motion to Dismiss, dated January 5, 2012.

opposition to a motion to dismiss); *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("[A] party is not entitled to amend his pleading through statements in his brief."). Similarly, the Court should disregard any new facts alleged or evidence submitted in the Opposition. *See Kopec v. Coughlin,* 922 F.2d 152, 153 (2d Cir. 1991) ("when matters outside the pleadings are presented in response to a 12(b)(6) motion [ ] the court may exclude the additional material and decide the motion on the complaint alone") (citation omitted); *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) ("The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient.").

Moreover, even if they were permissible, the new facts and claims in the Opposition offer no support for the claims asserted in the Amended Complaint. Many of the new facts and claims relate to Pantoja's insufficiently pled RICO cause of action, and fail in their own right.[2] For example, in response to ASIC's argument that the Amended Complaint fails to plead mail fraud or wire fraud as predicate acts of RICO liability, Pantoja now seeks to assert a new claim for "misrepresentation in writing to facilitate an act of insurance fraud in violation of 18 USC 1341 [sic] (relating to mail fraud) and 18 USC 1343 [sic] (relating to wire fraud)." *See* Opp'n ¶ 8; *see also* Opp'n ¶ 34 (referring to "predicate acts of mail fraud and wire fraud" as basis for RICO claim). But even affording the most liberal construction to Pantoja's new claim, and to the new facts he alleges in support of this claim, Pantoja utterly fails to allege any act of

---

[2] Pantoja states in the Opposition that he seeks "attorney's fees" in connection with his RICO claim, notwithstanding his status as a *pro se* plaintiff. Opp'n ¶ 35. *Pro se* litigants, whether or not they are lawyers, are not entitled to attorney's fees under fee-shifting federal statutes. *See Jackson v. County of Rockland*, No. 10-3968, 2011 WL 5868404, *3 (2d Cir. Nov. 23, 2011) (denying *pro se* litigant's request for attorney's fees under RICO statute); *Kay v. Ehrler*, 499 U.S. 432, 437 (1991) ("A rule that authorizes awards of counsel fees to pro se litigants —even if limited to those who are members of the bar— would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf.").

"misrepresentation."  The "false statement" that Pantoja cites in support of his new claim is Banco Popular's statement in 2009 that it placed the ASIC Policy because "acceptable proof of coverage was not provided."  *See* Opp'n ¶¶ 5-6.  Pantoja argues that notice of the *expired* Chubb Policy, which had not been effective since 2006, should have constituted "acceptable proof of coverage" in 2008.  This argument defies common sense.  An expired policy, by definition, does not show current insurance coverage.  There is no basis for Pantoja's new claims of mail fraud and wire fraud.

Additionally, the Opposition raises entirely new allegations about several acts that Pantoja describes as "multiple predicate acts for purposes of RICO liability."  *See* Opp'n ¶ 27. While it is difficult to discern the significance of these alleged acts as to ASIC, it is clear that none  constitutes racketeering activity under the RICO statute.  Indeed, several of the acts that Pantoja labels as "predicate acts" for his RICO claim are original causes of Pantoja's own creation that find no basis in the law.  For example, Pantoja alleges that ASIC engaged in "unlawful and arbitrary underwriting practices," "accepted excessive premiums during the life of the ASIC Policy covering an uninsurable property," and "witnessed and endorsed the ASIC Policy as acting president for the defendant."  *See* Opp'n ¶¶ 28-33.  (Elsewhere in the Opposition, Pantoja also alleges that ASIC "knowingly jumped into a bed full of insurance harlotry."  Opp'n ¶ 26.)  None of these characterizations describe predicate acts for RICO liability, much less satisfy the rigorous pleading requirements for such a claim.

Finally, without reference to any particular allegations in his pleading, Pantoja simply asserts that the Amended Complaint "set[s] out common-law claims of unjust enrichment, civil fraud, insurance fraud and misrepresentations, underwriting fraud and multiple violations of Insurance Law."  *See* Opp'n ¶ 34.  This blanket statement does not compensate for what is

utterly missing from the Amended Complaints: facts.  It cannot be gainsaid that summary

conclusions in a brief cannot fix pleading defects in a complaint.  But even had Pantoja included

these conclusory statements in his Amended Complaint, absent any supporting facts, the claims

would not pass muster under the pleading standards of Rules 8(a)(2) and 9(b) of the Federal

Rules of Civil Procedure.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (complaint will

not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.     PANTOJA'S ARGUMENT ABOUT "BROADENED" COVERAGE UNDER THE ASIC POLICY RELIES ON DISTORTIONS OF THE POLICY LANGUAGE

As in the Amended Complaint, Pantoja admits his Opposition papers that the April 2007

Loss occurred "pre-policy," or prior to the ASIC Policy's period of coverage.[3]  *See* Opp'n ¶¶ 21,

23.  Notwithstanding this admission, Pantoja dismisses as "thin" ASIC's argument about the lack

of coverage under the express terms of the ASIC Policy.  *Id.* ¶ 14.  He now argues that ASIC

"revised the ASIC [P]olicy to include coverage for pre-policy losses in this case, and such

conduct constitutes a waiver that immediately broadened the policy coverage to apply to the

[April 2007 Loss] at the inception date of August 15, 2008."  *Id.* ¶ 21.  Not so.

Pantoja's waiver argument merits no consideration because it is based on a warped

interpretation of the express terms of the ASIC Policy.  Specifically, Pantoja tries to twist

ASIC's right of cancellation into an assumption of liability for pre-policy losses.  The specific

provision that Pantoja cites is clause 17(b)(3)(d) in the "Conditions" section of the ASIC Policy,

which allows ASIC to cancel the Policy based on "physical changes in the property insured

---

[3] Pantoja claims for the first time in the Opposition that his alleged losses "began in February 2007 and continued past the inception date of the ASIC Policy on August 15, 2008."  Opp'n ¶ 12.  However, the Amended Complaint does not allege (and the Opposition does not identify) any loss to Pantoja's property that occurred after August 15, 2008.

occurring after issuance or last anniversary date of the policy which results in the property becoming uninsurable." *See* Opp'n ¶ 15; Am. Compl. Ex. B (ASIC Policy), Conditions § 17(b)(3)(d).  Incredibly, Pantoja misreads the term "policy" here as referring to the *expired Chubb Policy*, and recreates the clause to mean that ASIC accepted liability for losses that occurred after the last anniversary date of the Chubb Policy, which was August 15, 2006.  *See* Opp'n ¶ 16 ("the physical changes in the property occurred after the issuance of the last anniversary date of the Chubb Insurance Policy (August 15, 2006) which resulted in the property becoming uninsurable").  Quite plainly, Pantoja's "interpretation" is not supported by the policy language.

Pantoja also argues that certain alleged acts and omissions by ASIC constitute "strong evidence" of the purported waiver.  *See* Opp'n ¶ 24.  But here, again, Pantoja's argument relies on a blatant distortion of the ASIC Policy terms: he mischaracterizes several provisions of the ASIC Policy that concern acts by the "insured" as applying to acts by Banco Popular.  *See* Opp'n ¶ 25.  Pantoja's repeated reliance on such misinterpretations proves that the actual language of the ASIC Policy offers no support for his insurance coverage claim.

## CONCLUSION

For the reasons set forth herein and in ASIC's moving papers, ASIC respectfully requests that the Court dismiss the second and third causes of action in the Amended Complaint, and grant ASIC such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 6, 2012

                                    SULLIVAN & WORCESTER LLP


                                    By: /s/ Karen E. Abravanel_____
                                    Andrew T. Solomon
                                    Karen E. Abravanel
                                    1290 Avenue of the Americas, 29th Floor
                                    New York, New York 10104
                                    Telephone: (212) 660-3000
                                    Facsimile: (212) 660-3001
                                    asolomon@sandw.com
                                    kabravanel@sandw.com

                                    *Attorneys for Defendant American Security
                                    Insurance Company*

To:     Rafael M. Pantoja
        Register No. 76012-053
        MDC Brooklyn
        Metropolitan Detention Center
        P.O. Box 329002
        Brooklyn, New York 11232
        *Plaintiff Pro Se*

        John P. Doherty, Esq.
        Michael P. De Simone, Esq.
        Alston & Bird LLP
        90 Park Avenue
        New York, New York 10016
        *Attorneys for Defendant Banco Popular*

## CERTIFICATE OF SERVICE

I certify that on February 6, 2012, I served a true and correct copy of Defendant

American Security Insurance Company's Notice of Motion to Dismiss the Second and Third

Causes of Action of the Amended Complaint:

(1) by the ECF system and U.S. mail upon:

> Rafael M. Pantoja
> Register No. 76012-053
> MDC Brooklyn
> Metropolitan Detention Center
> P.O. Box 329002
> Brooklyn, New York 11232
> *Plaintiff Pro Se*

(2) by the ECF system upon:

> John P. Doherty, Esq.
> Michael P. De Simone, Esq.
> Alston & Bird LLP
> 90 Park Avenue
> New York, New York 10016
> *Attorneys for Defendant Banco Popular*

Dated:  New York, New York
        February 6, 2012

/s/ Karen E. Abravanel
Karen E. Abravanel
