UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
: 
RAFAEL M. PANTOJA, :
:
Plaintiff, : Case No. 11 Civ. 3636 (VB)
:
- v - : ECF Case
:
BANCO POPULAR AND AMERICAN :
SECURITY INSURANCE COMPANY, :
:
Defendants. :
:
------------------------------------------- X

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

SULLIVAN & WORCESTER LLP

Andrew T. Solomon
Karen E. Abravanel
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
Email: asolomon@sandw.com
        kabravanel@sandw.com

*Attorneys for Defendant American Security
Insurance Company*

Defendant American Security Insurance Company ("ASIC") submits this memorandum of law in opposition to Plaintiff Rafael M. Pantoja's Motion for Leave to File a Second Amended Complaint ("SAC").

## PRELIMINARY STATEMENT

Pantoja brings this motion while ASIC has pending a fully-briefed motion to dismiss the Amended Complaint under Rules 12(b)(6), 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure.[1]  Priority of timing aside, it makes sense for the Court to consider and decide ASIC's motion to dismiss before considering Pantoja's request for leave to amend.  By taking the motions in this order, the Court will see that not only has Pantoja failed to state a claim against ASIC in his Amended Complaint, but also that any effort by Pantoja to cure the defects in his pleading through further amendment, as shown by the proposed SAC, would be futile.

## ARGUMENT

The logic of ASIC's proposal regarding the proper order for the Court's consideration of the pending motions is confirmed by two circumstances:

*First*, the claims asserted against ASIC in the Amended Complaint and the proposed SAC are the same.  In the Amended Complaint, Pantoja sues ASIC for a declaratory judgment under a lender-placed insurance policy (the "ASIC Policy") and violations of the civil RICO statute.[2]  The proposed SAC asserts identical claims against ASIC.[3]

---

[1] *See* ASIC's Notice of Motion to Dismiss the Second and Third Causes of Action of the Amended Complaint (Jan. 5, 2012) (dkt. no. 40); ASIC's Mem. of Law in Support of Motion to Dismiss (Jan. 5, 2012) (dkt. no. 41) ("MTD Br."); Pantoja's Affidavit of Opposition (Jan. 25, 2012); ASIC's Reply Mem. of Law in Support of Motion to Dismiss (Feb. 6, 2012) (dkt. no. 42) ("MTD Reply Br.").

[2] *See* Amended Verified Complaint (Sept. 30, 2011) (dkt. no. 30) ¶¶ 27-39 (declaratory judgment claim) and 40-56 (RICO claim).

[3] *See* Decl. of Rafael M. Pantoja in Support of Motion for Leave to File Second Amended Complaint, at Ex. 1 (Apr 28, 2012) ("Proposed SAC") ¶¶ 52-64 (declaratory judgment claim) and 65-76 (RICO claim).

*Second,* the proposed SAC does not cure any of the fundamental defects in the Amended Complaint:

- Pantoja fails to make a prima facie showing that the ASIC Policy provides insurance coverage for his alleged loss. Pantoja admits that the alleged loss occurred more than a year *before* the stated coverage period of the ASIC Policy commenced.[4]

- Pantoja fails to plead any of the required elements of a civil RICO claim. He does not sufficiently allege even one predicate act of racketeering activity, much less the two or more acts required to plead a claim under the RICO statute. Additionally, Pantoja has not pleaded the requisite RICO "enterprise."[5]

- Finally, Pantoja fails to establish that ASIC's alleged misconduct proximately caused his alleged injury. According to the facts as pled, Pantoja's alleged loss could have occurred independently of any alleged conduct by ASIC.[6]

The proposed SAC does not—and cannot—allege a single new fact to remedy these deficiencies. Pantoja continues to admit, as he must, that his alleged loss occurred more than a year before the effective coverage period of the ASIC Policy.[7] And while the proposed SAC adds new allegations regarding so-called "fraudulent acts and deceptive practices" by ASIC, none of the acts alleged by Pantoja constitutes activity that rises to the level of a RICO violation.[8] Indeed, many of the new acts alleged by Pantoja are his own creation and find no

---

[4] *See* MTD Br. at 4-5; MTD Reply Br. at 5-6.

[5] *See* MTD Br. at 6-9; MTD Reply Br. at 3-4.

[6] *See* MTD Br. at 9.

[7] *See* Proposed SAC ¶¶ 25-26 (describing alleged loss in April 2007), 55 (admitting that ASIC Policy applies only to loss which occurs during the policy period) and 58 (alleging that ASIC Policy "retroactively" covers the kind of loss allegedly suffered by Plaintiff).

[8] *See id.* ¶¶ 67-75.

basis in the law. For example, Pantoja alleges that ASIC "assumed liability for the losses caused by the defendant Banco Popular upon deciding to neglect these damages during normal underwriting protocol," "failed to assume legal responsibility and obligation for underwriting the force-placed insurance prior to approval of the defendant Banco Popular's application for force-placed insurance," and "knowingly corroborated in a scheme that would allow underwriting criteria to be disregarded.[9] While it is a challenge to discern the significance of these acts as to ASIC, it is clear that none of these characterizations describe predicate acts for RICO liability.

## CONCLUSION

Neither the Amended Complaint nor the SAC states a claim against ASIC with the requisite detail mandated by Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure. For this reason, ASIC asks the Court to: (i) grant ASIC's pending motion to dismiss the Amended Complaint; and (ii) make that dismissal "with prejudice" by denying as futile Pantoja's instant motion to amend.

Dated: New York, New York
May 15, 2012

SULLIVAN & WORCESTER LLP

By: /s/ Andrew T. Solomon
Andrew T. Solomon
Karen E. Abravanel
1290 Avenue of the Americas, 29th Floor
New York, New York 10104
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
Email: asolomon@sandw.com
kabravanel@sandw.com

*Attorneys for Defendant American Security Insurance Company*

---

[9] *See id.* ¶¶ 70, 72, 74.

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2012, I served a true and correct copy of Defendant American Security Insurance Company's Notice of Motion to Dismiss the Second and Third Causes of Action of the Amended Complaint:

(1) by the ECF system and U.S. mail upon:

> Rafael M. Pantoja
> Register No. 76012-053
> MDC Brooklyn
> Metropolitan Detention Center
> P.O. Box 329002
> Brooklyn, New York 11232
> *Plaintiff Pro Se*

(2) by the ECF system upon:

> John P. Doherty, Esq.
> Michael P. De Simone, Esq.
> Alston & Bird LLP
> 90 Park Avenue
> New York, New York 10016
> *Attorneys for Defendant Banco Popular*

Dated: New York, New York
       May 15, 2012

/s/ Karen E. Abravanel
Karen E. Abravanel