```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAFAEL M. PANTOJA,                         :
                        Plaintiff,         :
                                           :       MEMORANDUM DECISION
v.                                         :
                                           :       11 CV 3636 (VB)
BANCO POPULAR and AMERICAN SAFETY          :
INSURANCE COMPANY,                         :
                        Defendants.        :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Rafael Pantoja brings this action pro se against defendants Banco Popular (the "Bank") and American Safety Insurance Company ("ASIC") alleging defendants engaged in a fraudulent insurance scheme that resulted in property damage.

Pending before the Court are the Bank's motion to dismiss (Doc. #26), ASIC's motion to dismiss the second and third causes of action of the amended complaint (Doc. #40), and plaintiff's cross-motions to amend the complaint (Doc. #49) and file a seconded amended complaint (Doc. #52). For the reasons set forth below, the Bank's motion and ASIC's motion are GRANTED, and plaintiff's cross-motions are DENIED.

This Court has subject matter jurisdiction over plaintiff's federal claim pursuant to 28 U.S.C. § 1331, and over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND

For purposes of ruling on the motion to dismiss, the Court accepts all factual allegations of the complaint as true.

This action arises out of a note and mortgage, both executed by plaintiff. On or about August 20, 2004, plaintiff obtained a $1,186,250 loan from the Bank ("the Note"). The Note

was secured by a mortgage ("the Mortgage") on realty located at 764 Lake Street, Harrison, New York ("the Realty").

Under the Mortgage, plaintiff was obligated to procure hazard or property insurance with respect to the Realty. Plaintiff obtained insurance on the Realty through the Chubb Group. However, by August 2006, plaintiff stopped paying the premiums due on the policy. Plaintiff maintains that under the Mortgage the Bank was required to advance the premiums on the insurance policy from plaintiff's escrow account held by the Bank. Plaintiff claims that instead of advancing these premiums the Bank wantonly and willfully caused the Chubb insurance policy to lapse. According to plaintiff, this lapse in insurance was then used as the opening needed by the Bank to begin a campaign to cause damage to the Realty at plaintiff's expense.

Plaintiff claims this campaign continued six months later in February 2007, when the Bank and its agents entered the Realty and caused water damage to the property, and engaged in "tortuous conduct and other fraudulent acts." According to plaintiff, in April 2007, again acting as part of this campaign, the Bank and its agents entered the Realty to conceal the water damage and cause a "direct loss by theft resulting from said water damage."

On August 15, 2008, plaintiff claims defendant ASIC, collaborating with the Bank, issued a "force-placed" homeowner's insurance policy on the Realty. ASIC then denied plaintiff coverage for the loss and damage caused by the Bank and its agents as a result of the two incidents in 2007. Plaintiff claims ASIC acted in bad faith by joining the Bank's campaign to commit insurance fraud.

In 2006, plaintiff received notice that he was in default on the Mortgage, and a foreclosure action was subsequently commenced on the Realty ("the Foreclosure Action").[1] A judgment of foreclosure and sale was entered against plaintiff on May 26, 2009. The judgment held the plaintiff was "forever barred and foreclosed of all rights, claims, liens, title, interest and equity of redemption in the said mortgaged premises and each and every part therefore." The Realty was then sold at a foreclosure sale in September 2009.

In June 2007, plaintiff was indicted in Westchester County Court, under indictment number 07-0265 ("the Criminal Case").[2] The charges included grand larceny, identify theft, forgery, criminal possession of a forged instrument, and scheme to defraud. Plaintiff pleaded guilty to grand larceny in the first degree and grand larceny in the second degree.

In his plea allocution, plaintiff admitted to stealing the $1,186,250 in mortgage proceeds secured by the Realty by filling out the Note application using a fabricated social security number and falsely identifying himself as an attorney.[3] Additionally, in his allocution plaintiff stated "to the extent I'm pleading guilty here today I don't intend to substantively oppose it or oppose that foreclosure action." The court noted that this admission of guilt "will effectively estop him from contesting the foreclosure." Plaintiff was sentenced to four and one-half to nine years' imprisonment on each count.

---

[1] The Court takes judicial notice of the Foreclosure Action. Jackson v. Broad. Music, Inc., 2006 WL 250524, at *7 (S.D.N.Y. Feb. 1, 2006) ("[T]he court may take judicial notice of public records and of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings." (internal quotations omitted)). Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2] The Court takes also takes judicial notice of the Criminal Case. Jackson v. Broad. Music, Inc., 2006 WL 250524, at *7.

[3] Plaintiff was disbarred prior to his plea due to an earlier felony conviction.

3

In response to the foreclosure and sale of his former home, on March 4, 2010, plaintiff filed a complaint against J.P Morgan Chase Bank, PHH Mortgage Corp., Mark J. Hinkle, Cyprexx, and Richard Grieco in Kings County Supreme Court ("the State Court Action").[4] In his complaint plaintiff alleged the Mortgage was fraudulently assigned and defendants purposely damaged the Realty in order to gain a financial windfall from insurance benefits. The venue of the State Court Action was moved from Kings County to Westchester County.

Defendants in the State Court Action moved for summary judgment and dismissal of Plaintiff's complaint. The Honorable Sam D. Walker granted defendants' motion. The court held "plaintiff Pantoja's guilty plea in open court, and the judgment of foreclosure and sale both serve as enough evidence to satisfy this Court that plaintiff's claims are barred." On January 13, 2012, plaintiff appealed the dismissal of the State Court Action.

Plaintiff now brings the current action seeking $13,638,000 in damages arising from the wrongful assignment of the Mortgage and defendants' willful and wanton campaign to injure and profit from the Realty by way of insurance fraud. In his amended complaint, plaintiff added a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. Plaintiff cross-moves to amend his complaint a second time to include ten newly-named defendants and eight additional causes of action.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)

---

[4] The Court also takes judicial notice of the State Court Action. Jackson v. Broad. Music, Inc., 2006 WL 250524, at *7.

(internal quotation marks omitted). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in Ashcroft v. Iqbal. See 556 U.S. 662, 679 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Because plaintiff brings this action pro se, the Court construes his complaint "broadly," raising "the strongest argument that it suggests." Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002)

    I.    Plaintiff's First and Second Causes of Action

        a.   Res Judicata

Defendants argue plaintiff's allegations are essentially the same as those plaintiff unsuccessfully litigated in the State Court Action. Additionally, defendants assert that even with

5

a pending appeal of the State Court Action, the Foreclosure Action and the Criminal Case prevent plaintiff from bringing the claims asserted in his amended complaint. Defendants evoke the doctrine of res judicata as the foundation for preclusion of plaintiff's claims.

Under res judicata, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir.1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Whether a claim that was not raised in the previous action could have been raised therein "depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims." Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997).

The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the "full faith and credit" statute, 28 U.S.C. § 1738, which provides that state judicial proceedings shall have the same full faith and credit in every court within the United States. Id. The Supreme Court held that Section 1738 "requires a federal court to first look at state preclusion law in determining the preclusive effect of a state court judgment" and give the same full faith and credit to the judgment that it would receive in the state court. See Marrese v. Am. Acad. of Orthopedic Surgeons, 470 U.S. 373, 381 (1985). Because the prior actions here arose in New York this Court relies on New York preclusion principles to determine the extent to which the earlier state court judgments bar this subsequent litigation.

Furthermore, a criminal conviction, whether by jury verdict or guilty plea, has a collateral effect in subsequent civil actions barring a criminal defendant from litigating issues which have already been resolved adversely to him in the criminal proceeding. See United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978). A plea of guilty by a criminal defendant is an admission of guilt

6

of the substantive crime, United States v. Broce, 488 U.S. 563, 570 (1989), as well as an admission to each of the elements of the crime charged. McCarthy v. United States, 394 U.S. 459, 466 (1969).

### b. Application to Plaintiff's Claims

New York takes a transactional approach when applying res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief. Burgos v. Hopkins, 14 F.3d at 790. Using such an analysis, the Second Circuit has held that fraud claims arising from the same factual grouping that form the basis of a state court foreclosure action are barred by res judicata, even though the state court action dealt solely with negligence and lender liability counterclaims. Weston v. First Union Nat'l Bank, 201 F.3d 434, 1999 WL 1070056, *2 (2d Cir. Nov. 18, 1999).

In Weston the court refused to entertain a pro se plaintiff's allegation that a bank fraudulently seized plaintiff's home and barred him from asserting additional fraud claims related to the property under the doctrine of res judicata because these claims could have been raised earlier in state court. Because the plaintiff failed to raise them during the foreclosure proceeding, he was prevented from asserting those claims later.

Likewise, the plaintiff here could have and failed to allege "tortuous conduct and other fraudulent acts" committed by defendants during the Foreclosure Action. Further, plaintiff's first and second causes of action arise squarely out of the terms of the Mortgage and the Realty, and clearly fit within the same factual grouping surrounding the Foreclosure Action. As the Foreclosure Action is a final judgment that "forever barred and foreclosed [plaintiff] of all rights, claims, liens, title, interest and equity of redemption in the said mortgaged premises and each and

every part therefore," plaintiff's claims of fraud and physical property damage are precluded. See Mercado v. Playa Realty Corp., 2005 WL 1594306, at *5 (E.D.N.Y. July 7, 2005) ("[R]es judicata applies specifically to, among other matters, defenses to a foreclosure action.").

Additionally, in the Criminal Case, plaintiff admitted to lying about his professional status as a lawyer and providing a phony social security number so that he was able to fraudulently obtain the Mortgage and loan of $1,186,250. Therefore, plaintiff is precluded from challenging defendants' alleged fraud relating to the Mortgage by his admission that he had no right to the Mortgage in the first place.

Plaintiff provides the Court with notice of his appeal of the State Court Action. However, for the purposes of this ruling it is not necessary for the Court to examine the judgment or appeal in the State Court Action. The Court finds plaintiff's fraud and property damage claims are precluded here as a result of the Foreclosure Action and his guilty plea in the Criminal Case. Therefore, plaintiff's claims in this action are barred.

II.     Plaintiff's Third Cause of Action

In his amended complaint plaintiff has added a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. However, the Court finds plaintiff's RICO claim is another legal theory arising out of claims related to the Realty that could have been, but were not, raised in the Foreclosure Action. See Burgos v. Hopkins, 14 F.3d at 790. Thus, plaintiff is barred from subsequently raising a RICO claim in this Court. Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) ("We have already noted [plaintiff] is collaterally estopped from litigating these issues. He cannot seek to relitigate them by recasting his allegations as a federal RICO claim."); Bin Saud v. Bank of New York, 734 F. Supp. 628, 633 (S.D.N.Y. 1990) ("[W]hen a party fails to raise the defense of fraud in an initial action, a subsequent collateral

challenge to an adverse judgment rendered in that initial action under the guise of a fraud based RICO claim may be barred by res judicata.").

Even if the Court were to find these claims are not precluded by the Foreclosure Action, plaintiff's RICO claim cannot survive defendants' motion to dismiss. To invoke RICO's civil remedies, a plaintiff must have been "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). The Second Circuit has construed this "to require that in order to merit standing, a civil RICO plaintiff must establish that the RICO violation at issue was a proximate cause of the injury to the plaintiff's business or property for which redress is sought." Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1344 (2d Cir. 1994).

In this case, plaintiff fails to plead any facts that would support a finding of proximate cause, and plaintiff's guilty plea in the Criminal Case disrupts any possible chain of proximate cause necessary to state a RICO claim. Plaintiff's RICO claim is based on the Mortgage and various insurance guarantees made in or pursuant to the Mortgage. However, plaintiff admitted in his plea that he obtained the Mortgage fraudulently. Accordingly, any of defendants' alleged fraudulent actions regarding the Mortgage cannot form the basis of plaintiff's injuries.

Furthermore, "'to establish a violation of 18 U.S.C. § 1962(c), a plaintiff must establish that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in an enterprise, the activities of which affected interstate or foreign commerce.'" Smartix Int'l Corp. v. MasterCard Int'l LLC, 2008 WL 4444554, at *7 (S.D.N.Y. Sept. 30, 2008) (quoting DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001)). "To constitute an 'enterprise,' defendants must associate together for the common purpose of engaging in a particular fraudulent course of conduct, and work together to achieve that purpose." Id. "There must be some factual allegations regarding the hierarchy,

9

organization, and activity of the alleged enterprise from which it can be inferred that its members functioned as a unit." Id. Plaintiff's conclusory allegation that the Bank engaged "in a conspiracy and joint effort with [ASIC] and others" does not come close to establishing an ongoing joint enterprise.

Therefore, plaintiff's RICO claim must be dismissed.

III.   The Proposed Amended Complaint

Plaintiff has moved to amend his complaint a second time. Having reviewed plaintiff's proposed second amended complaint and proposed accompanying exhibits, the Court finds plaintiff's proposed amendments would not affect the Court's analysis of plaintiff's claims. The proposed second amended complaint still fails, as a matter of law, to adequately plead claims on which relief can be granted.

Rule 15(a) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007). A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted. See Troung v. Am. Bible Soc'y, 171 Fed. App'x 898, 899 (2d Cir. 2006).

Plaintiff contends he has discovered new and significant facts relating to a consent judgment in an action with a proposed newly named defendant, JPMorgan Chase Bank, N.A. As a result of these new and significant facts and the recently released consent judgment, plaintiff

10

requests leave to file the proposed second amended complaint.  However, even if the Court were to accept the consent judgment as presenting new and significant facts,[5] the proposed second amended complaint fails to assert additional claims that are not barred by the Foreclosure Action and plaintiff's plea in the Criminal Case.

Moreover, plaintiff has had the benefit of reviewing defendants' motions to dismiss both the complaint and the amended complaint.  Despite knowledge of the issues barring plaintiff's claims, plaintiff's proposed second amended complaint fails adequately to address these issues.  Plaintiff merely attempts to re-articulate the facts of the underlying action and name additional parties.  Therefore, leave to amend the amended complaint is denied.

---

[5] The authenticity of the consent judgment attached to the proposed second amended complaint is somewhat suspect.  The document contains no civil action number, is undated, and is not signed by any judge.

## CONCLUSION

Defendant Banco Popular's motion to dismiss the amended complaint is GRANTED. (Doc. #26).

Defendant American Safety Insurance Company's motion to dismiss the second and third causes of action of the amended complaint is GRANTED. (Doc. #40).

Plaintiff's motions for leave to amend and to file a second amended complaint are DENIED. (Docs. #49, #52).

The clerk is instructed to terminate these motions and close the case.

Dated: August 9, 2012
      White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge