UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL M. PANTOJA,

        Plaintiff,

    v.

BANCO POPULAR and AMERICAN SECURITY
INSURANCE COMPANY,

        Defendants.

Case No. 11 civ. 3636 (VB)

## DEFENDANT BANCO POPULAR'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF RAFAEL M. PANTOJA'S MOTION FOR RECONSIDERATION

ALSTON & BIRD LLP

John P. Doherty
Michael P. De Simone
90 Park Avenue
New York, New York 10016
(212) 210-9400

*Attorneys for Banco Popular*

# **TABLE OF AUTHORITIES**

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT .........................................................................1

STATEMENT OF FACTS ..................................................................................1

ARGUMENT.......................................................................................................3

CONCLUSION....................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.,*
    154 F. Supp. 2d 696 (S.D.N.Y. 2001)...................................................................3

*Hanna v. Motiva Enter., LLC,*
    No. 09 CV 1150(VB), 2012 WL 1868962 (S.D.N.Y. Apr. 25, 2012) (Briccetti, J.)................3

*Hanover Ins. Co. v. Hopwood,*
    No. 7:10-cv-8321(VB), 2011 WL 3251581 (S.D.N.Y. July 29, 2011) (Briccetti, J.) ..............3

*In re Houbigant, Inc.,*
    914 F. Supp. 997 (S.D.N.Y. 1996) ...................................................................7

*Lesch v. United States,*
    372 Fed. App'x 182 (2d Cir. 2010)...................................................................3

*Makas v. Orlando,*
    No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131 (S.D.N.Y. May 19, 2008) ....................6

*Moore v. City of New York,*
    No. 08-CV-2449 (RRM) (LB), 2011 WL 795103 (E.D.N.Y. Feb. 28, 2011) ..........................6

*Pantoja v. New York State Division and Board of Parole,*
    No. 1:11-cv-03629-JG-VVP, docket no. 37 (E.D.N.Y. Dec. 21, 2011) ..................................5

*People v. Pantoja,*
    87 A.D.3d 555, 927 N.Y.S.2d 789 (2d Dep't 2011) ...................................................5

*R.B. v. Dep't of Educ. of the City of New York,*
    No. 10 Civ. 6684(RJS), 2012 WL 2588888 (S.D.N.Y. July 2, 2012) ......................................6

*Range Road Music, Inc. v. Music Sales Corp.,*
    90 F. Supp. 2d 390 (S.D.N.Y. 2000)...................................................................3

*United States v. Podell,*
    572 F.2d 31 (2d Cir. 1978)...................................................................4

*Weissman v. Fruchtman,*
    124 F.R.D. 559 (S.D.N.Y. 1989) ...................................................................3

**Statutes and Rules**

18 U.S.C. § 1962...................................................................6

28 U.S.C. § 2254...................................................................5

**Other Authorities**                                                                                   **Page(s)**

L. Civ. R. 6.3 (S.D.N.Y.) ......................................................................................................6

## PRELIMINARY STATEMENT

Defendant Banco Popular ("Banco") respectfully submits this Memorandum of Law in opposition to Plaintiff Pantoja's motion for reconsideration of this Court's decision, dated August 9, 2012, denying Plaintiff's motion for leave to amend the complaint and granting Defendant Banco's motion to dismiss (the "Decision").

Pantoja's claims have been dismissed in this action, as well as a separate action in the New York State courts, because of the bar of two prior judgments against him. Not content with that result, Pantoja has made an improper and legally insufficient motion for reconsideration of the Decision.

The Decision was correct and well founded. Pantoja, a felon and disbarred lawyer, pled guilty to fraudulently obtaining the Mortgage on the Realty at the core of this litigation and stealing the $1.1 million plus of loan proceeds. When Pantoja defaulted on the fraudulently obtained Mortgage, a foreclosure action was filed, a judgment of foreclosure was entered, and, in 2009, the Realty was sold at a foreclosure sale. In the Decision, this Court recognized that Pantoja's claims are barred by *res judicata* based on the foreclosure action and Pantoja's plea in the criminal action.

Pantoja has repeatedly sought to abuse the courts as a tool to undo the foreclosure and to profit from his criminal actions, although this Court and the New York State courts have repeatedly dismissed his futile claims.

## STATEMENT OF FACTS

The background and facts are more fully laid out in Banco's submissions in support of its motion to dismiss, to which we respectfully refer the Court. We will summarize those submissions only briefly herein.

Pantoja fraudulently induced Banco to loan to him the amount of One Million One Hundred Eighty-Six Thousand Two Hundred Fifty Dollars ($1,186,250). He used that cash to purchase the Realty.[1] Pantoja thereafter was indicted for grand larceny in the first degree for fraudulently obtaining the Mortgage and grand larceny in the second degree for fraudulently obtaining a second mortgage from Countrywide. After Pantoja's criminal trial had commenced, he pled guilty to both counts. Pantoja admitted that he stole the proceeds of the Mortgage Loan and that he was entering his guilty plea freely and voluntarily. Pantoja also stated that he understood that his guilty plea could be used against him and that he waived any opposition to the foreclosure of the Mortgage.

The Foreclosure Action was commenced in 2006 and a judgment of foreclosure was entered against Pantoja in May 2009. The Realty was sold at a foreclosure sale in September 2009, extinguishing Pantoja's rights therein.

In 2008, Pantoja filed the State Court Action against Chase (the trustee of the securitization into which the Mortgage was sold), PHH (the loan servicer) and Hinkle (a PHH executive), as well as against a third-party service provider and an employee engaged by the third-party servicer provider. Chase, PHH and Hinkle successfully moved for summary judgment and Hon. Walker dismissed all claims in the State Court Action on December 8, 2011.

In December 2011, Banco moved to dismiss all claims in this action. While those motions were pending, Pantoja moved for permission to amend his pleading.

On August 9, 2012, the Court dismissed Pantoja's claims and denied his motion to amend, holding that Pantoja's claims were barred by *res judicata* and for failure to

---

[1] Terms not defined herein have the meaning ascribed to them in the underlying motion papers.

2

adequately state a claim.   The Court also held that Plaintiff's proposed amended complaint failed to cure the deficiencies in his pleadings, and would therefore be futile.

Pantoja moved the Court to reconsider its Decision more than fourteen days after the Decisions was entered.  Banco received Pantoja's motion by U.S. Mail on September 14, 2012, and the documents included in that motion bear a date of September 7, 2012. But even if the Court credits Pantoja's affidavit of service, it states that he served the motion papers on August 31, 2012.

## ARGUMENT

A motion for reconsideration "must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Hanna v. Motiva Enter., LLC*, No. 09 CV 1150(VB), 2012 WL 1868962, at *1 (S.D.N.Y. Apr. 25, 2012) (Briccetti, J.) (citing *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)); *see also Hanover Ins. Co. v. Hopwood*, No. 7:10-cv-8321(VB), 2011 WL 3251581, at *1 (S.D.N.Y. July 29, 2011) (Briccetti, J.) (same).  The movant faces a "weighty" burden in order "to avoid 'wasteful repetition of arguments already briefed, considered and decided.'"  *Id.*  (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989)). The motion for reconsideration "must be 'narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court.'"  *Id.*  (citing *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)).

Pantoja fails to satisfy the reconsideration standard and improperly reiterates arguments that this Court has considered and rejected.  *See Lesch v. United States*, 372 Fed. App'x 182, 183 (2d Cir. 2010) (district court properly denied motion for

reconsideration where movant "sought only to re-argue"). Pantoja is simply arguing, as he did on the motion to amend, that a "Consent Judgment" that, on its face, has nothing at all to do with either Banco or Pantoja somehow permits him to attack collaterally binding judgments.

This Court ruled in the Decision that even if the Consent Judgment on which Pantoja relied presented new and significant facts, the claims asserted by the proposed amended complaint are still barred by the Foreclosure Action and Pantoja's guilty plea to the criminal charges against him. *See* Decision at 11. Pantoja now argues that the Consent Judgment somehow does away with *res judicata* and its effect in this action. Pantoja not only fails to satisfy the standard required to grant a motion for reconsideration, he also misinterprets the Consent Judgment. The Consent Judgment is irrelevant for a number of reasons, not least of which because Banco is not named in it and, in any event, it merely establishes a fund to compensate for certain mortgage practices. The Consent Judgment does not invalidate or upset completed mortgage foreclosures. Therefore, dismissal is proper because an amended complaint adding the Consent Judgment would still be futile and subject to dismissal.

The relevant facts are that Pantoja fraudulently applied for the Mortgage, was granted the Mortgage and defaulted on payment. He was charged for the fraud, pled guilty to the charges, and foreclosure proceedings were brought for the Realty. These facts, which were all that were at issue in the foreclosure proceedings, are not negated in any way by the Consent Judgment or any other evidence he has belatedly presented.

Nor do his arguments about the supposed invalidity of his criminal conviction change the preclusive nature of his guilty plea. *See United States v. Podell*, 572 F.2d 31,

35 (2d Cir. 1978) (a criminal conviction bars defendant from litigating issues which have already been resolved against him in the criminal proceeding).   Although Pantoja continues to attack collaterally his criminal conviction, that conviction stands after having been appealed unsuccessfully.   The Appellate Division, Second Department, held that Pantoja "has not raised, nor could he have raised, any nonfrivolous issues in his pro se supplemental brief." *People v. Pantoja*, 87 A.D.3d 555, 556, 927 N.Y.S.2d 789, 789 (2d Dep't 2011).   He also sued in the Eastern District of New York, regarding the denial of his parole.   The Honorable John Gleeson dismissed Pantoja's declaratory judgment claims for failure to allege a violation of federal law.   *See Pantoja v. New York State Division and Board of Parole*, No. 1:11-cv-03629-JG-VVP, docket no. 37 (E.D.N.Y. Dec. 21, 2011).   Although Pantoja continues to pursue a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, nothing in Judge Gleeson's decision transferring that petition to the Southern District of New York (where Pantoja awaits sentencing on yet another criminal charge) overturns the state conviction or affects Pantoja's guilty plea for fraudulently obtaining the Mortgage.

Pantoja contested the foreclosure, despite having expressly acknowledged at his plea allocution that he would be precluded from doing so.   Since then, he not only has opposed the foreclosure, but also has appealed the judgment of foreclosure, and sued for damages against multiple parties, in two different courts, arguing each time that the foreclosure process was somehow invalid, despite his admitted criminal fraud in procuring the Mortgage and his subsequent default in the repayment thereof.   Nothing in his motion is sufficient for the Court to reconsider his claims because those are precluded

5

by its reasoned consideration as to the preclusive effect of his criminal conviction and the judgment of foreclosure and sale.

As to Pantoja's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, Pantoja fails to offer any explanation how Court's reasoning in dismissing this claim was clearly erroneous or manifestly unjust. Instead Pantoja makes the conclusory allegation that the Court's dismissal of the claim was "the product of viewing the facts through a prism," failing once again to meet the high standard for a motion for reconsideration.

Pantoja's motion also is procedurally defective. This Court's Decision was entered on August 10, 2012. Banco received Pantoja's motion by mail on September 14, 2012, and the Notice of Motion and Memorandum of Law bear the date of September 7, 2012, making clear that they could not have been served prior to that date. Pantoja's motion, accordingly, was untimely pursuant to Rule 6.3 of the Local Civil Rules, which requires service of such a motion "within fourteen (14) days after the entry of the Court's determination of the original motion." "Failure to timely submit a motion for reconsideration is sufficient grounds for denying it." *R.B. v. Dep't of Educ. of the City of New York*, No. 10 Civ. 6684(RJS), 2012 WL 2588888 (S.D.N.Y. July 2, 2012).[2]

Pantoja's disagreement with the Court's Decision and its dismissal of his futile suit is not a basis for reconsideration. *See Makas v. Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) ("[A] motion for

---

[2] Nor should the Court grant Pantoja any leniency with the Local Rules based on his *pro se* status. Prior to his disbarment (for a previous criminal conviction), Pantoja was a practicing attorney and therefore does not deserve the liberal reading of papers typically given to *pro se* litigants. *See Moore v. City of New York*, No. 08-CV-2449 (RRM) (LB), 2011 WL 795103, at *1, n.1 (E.D.N.Y. Feb. 28, 2011) (disbarred attorney "not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs").

LEGAL02/33644188v3

reconsideration is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'") (citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

## **CONCLUSION**

Wherefore, Banco respectfully requests that the Court deny Pantoja's request for reconsideration of its Decision.

Dated: New York, New York
      September 27, 2012

Respectfully submitted,

ALSTON & BIRD LLP

By: _____

John P. Doherty
Michael P. De Simone
90 Park Avenue
New York, New York 10016
(212) 210-9400

*Attorneys for Banco Popular*

LEGAL02/33644188v3