**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------- X
                                            :

RAFAEL M. PANTOJA,                    :

              Plaintiff,          :       Case No. 11 Civ. 3636 (VB)

     - v -                         :       ECF Case

BANCO POPULAR and AMERICAN   :
SECURITY INSURANCE COMPANY,  :

              Defendants.      :

------------------------------------------- X

## DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN OPPOSITION TO
## <u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

 

SULLIVAN & WORCESTER LLP

Andrew T. Solomon
Karen E. Abravanel
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
Email: asolomon@sandw.com
           kabravanel@sandw.com

*Attorneys for Defendant American Security Insurance Company*

Defendant American Security Insurance Company ("ASIC") respectfully submits this memorandum of law in opposition to Plaintiff Rafael M. Pantoja's ("Pantoja") motion for reconsideration (the "Motion") of the Court's Memorandum Decision dated August 9, 2012 (the "Decision").

## PRELIMINARY STATEMENT

The Motion should be denied because it improperly seeks to reargue an issue already considered by this Court. In the Decision, the Court dismissed Pantoja's Amended Complaint and denied Pantoja's motions for leave to amend and file a Second Amended Complaint. Pantoja points to no controlling decisions of law or factual matters that the Court failed to consider in the Decision. Instead, Pantoja merely disputes the Court's finding that a consent judgment, issued by a different court in an unrelated action, does not bear on the viability of Pantoja's claims.

Moreover, as explained below, the Motion was untimely filed.

## ARGUMENT

### I.   STANDARD OF REVIEW

Motions for reconsideration in the Southern District of New York are governed by Local Civil Rule 6.3, which requires that the motion shall "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." A motion under the Rule must be "narrowly construed and strictly applied" to avoid repetitive arguments that have already been presented to and considered by the Court. *See, e.g., Hanna v. Motiva Enters., LLC*, No. 09 CV 1150 (VB), 2012 WL 1868962, at *1 (S.D.N.Y. Apr. 25, 2012); *Jang v. Miksad,* No. 09 CV 9554 (VB), 2012 WL 1332731, at *1 (S.D.N.Y. Apr. 9, 2012). To prevail on a motion for reconsideration, "the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*Hanna*, 2012 WL 1868962, at *1 (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).  Reconsideration should only be granted "where the Court has overlooked facts or precedent which might have 'materially influenced' the earlier decision."  *Id.*; *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration will be denied unless the overlooked law or facts to which the moving party points "might reasonably be expected to alter the conclusion reached by the court").  "[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved."  *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007) (internal quotation marks omitted).

## II. THE MOTION FAILS TO MEET THE STRICT STANDARD FOR RECONSIDERATION

In the Motion, Pantoja argues that the Court failed to take judicial notice of a consent judgment issued by the District Court for the District of Columbia in connection with the national mortgage settlement (the "Consent Judgment").  Had the Court properly considered and credited the Consent Judgment, Pantoja argues, then the Court would have been "required" to grant Pantoja's motions for leave to amend and file the second amended complaint.

This argument not only misses this point, but also makes clear the extent to which Pantoja merely seeks to relitigate an issue already presented to and considered by the Court.  As Pantoja concedes, the Consent Judgment was previously submitted to the Court, as an exhibit to Pantoja's proposed second amended complaint.  Notwithstanding some concerns about the authenticity of the version submitted by Pantoja, the Court thoroughly considered both the Consent Judgment and Pantoja's arguments about the impact of the Judgment on his proposed second amended complaint.  And, the Court already determined that the Consent Judgment has

3

no material effect on the viability of the claims in Pantoja's proposed second amended complaint.  As the Court explained in the Decision:

> Plaintiff contends he has discovered new and significant facts relating to a consent judgment in an action with a proposed newly named defendant, JP Morgan Chase Bank, N.A.  As a result of these new and significant facts and the recently released consent judgment, plaintiff requests leave to file the proposed second amended complaint.  However, even if the Court were to accept the consent judgment as presenting new and significant facts, the proposed second amended complaint fails to assert additional claims that are not barred by the Foreclosure Action and plaintiff's plea in the Criminal Case.

Pantoja may be disappointed with the Decision, and in particular with the Court's finding regarding the Consent Judgment, but that is not grounds for a motion to reconsider.[1]  The Motion should be denied.

### III. THE MOTION WAS NOT TIMELY FILED

Additionally, the Motion should be denied as untimely.  Under Local Civil Rule 6.3, a notice of motion for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."  Here, the Decision was docketed on August 10, 2012.  Adding the three additional days provided under Fed. R. Civ. P. 6(d), Pantoja's deadline to file the Motion was August 27, 2012.  Pantoja was aware that he had 17 days to file a motion for reconsideration (although he incorrectly calculated the deadline as running from the date he received the Decision): his certificate of service states that he served the Motion papers on ASIC "17 days after receipt of the Court's August 9, 2012 Decision."

---

[1] Pantoja also argues that the Consent Judgment somehow "reserves" his claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, at least with respect to Defendant Banco Popular.  Again, however, Pantoja fails to point to any controlling law or factual matters that the Court overlooked, and argues only that the Court's dismissal of his RICO claim "is the product of viewing the facts through a prism."  Such a conclusory allegation, without more, clearly falls far short of the strict standard for reconsideration.

4

Yet, Pantoja did not actually meet this deadline. Worse, it appears that he tried to cover up his late filing by submitting an incorrect certificate of service. Pantoja purports to have served the Motion papers on ASIC on August 31, 2012, but email blocks appearing at the top of Pantoja's notice of motion and his memorandum of law in support of the Motion indicate that the documents were finalized or printed no earlier than September 7, 2012. Similarly, email blocks appearing at the top of Pantoja's certificate of service indicate that the certificate was finalized no earlier than September 3, 2012. Pantoja may be a *pro se* plaintiff, but he is also a former attorney who is clearly aware of this Court's rules. The Court need not excuse his conduct here. *See, e.g., R.B. ex rel. A.B. v. Dep't of Educ. of City of New York*, No. 10 Civ. 6684 (RJS), 2012 WL 2588888 at *2 (S.D.N.Y. July 2, 2012) (denying as untimely a *pro se* plaintiff's motion for reconsideration, since "a plaintiff's *pro se* status 'does not insulate him from complying with the relevant procedural rules'") (quoting *Gibson v. Wise*, 331 F. Supp.2d 168, 169 (E.D.N.Y. 2004)).

## **CONCLUSION**

Since Pantoja fails to present any controlling decisions or evidence that the Court overlooked or that would compel a different result, and since his filing was untimely, the Court should deny Pantoja's motion for reconsideration.

Dated: New York, New York
September 27, 2012

SULLIVAN & WORCESTER LLP

By: /s/ Andrew T. Solomon
Andrew T. Solomon
Karen E. Abravanel
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
asolomon@sandw.com
kabravanel@sandw.com

*Attorneys for Defendant American Security Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2012, I caused to be served a true and correct copy of Defendant American Security Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration:

(1) by the ECF system and U.S. mail upon:

> Rafael M. Pantoja
> Register No. 76012-053
> MDC Brooklyn
> Metropolitan Detention Center
> P.O. Box 329002
> Brooklyn, New York 11232
> *Plaintiff Pro Se*

(2) by the ECF system upon:

> John P. Doherty, Esq.
> Michael P. De Simone, Esq.
> Alston & Bird LLP
> 90 Park Avenue
> New York, New York 10016
> *Attorneys for Defendant Banco Popular*

Dated: New York, New York
       September 27, 2012

                                       /s/ Andrew T. Solomon
                                       Andrew T. Solomon