Case 12-3967, Document 89, 12/10/2013, 1110765, Page 1 of 5



12-3967
Pantoja v. Banco Popular

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

7:11-cv-03636-VB

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
        ROBERT A. KATZMANN,
           *Chief Judge*,
        AMALYA L. KEARSE,
        RICHARD C. WESLEY,
           *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec. 10, 2013

_____

Rafael M. Pantoja,

        *Plaintiff - Appellant*,
      v.                                          12-3967

Banco Popular, American Security Insurance Company,

        *Defendants - Appellees*.
_____

FOR APPELLANT:        Rafael M. Pantoja, *pro se*, Brooklyn, NY.

FOR APPELLEES:        Michael Peter De Simone, John P. Doherty, Carolyn O'Leary, Alston & Bird LLP, New York, NY, *for* Appellee Banco Popular.

                                  Andrew T. Solomon, Sullivan & Worcester LLP, New York, NY, *for* Appellee American Security Insurance Company.

MANDATE
MANDATE ISSUED ON 12/10/2013

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Rafael M. Pantoja, proceeding *pro se*, appeals from a judgment of the district court which (1) granted the motions of Appellees Banco Popular and American Security Insurance Company ("ASIC") to dismiss Appellant's amended complaint; and (2) denied Appellant leave to further amend his complaint to add, *inter alia*, a cause of action pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I. Dismissal of the Complaint**

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997), including a decision based on the affirmative defense of *res judicata*, *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Thus, plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

As to Appellee Banco Popular, we affirm the district court's dismissal on *res judicata* grounds. The doctrine of issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). The district court properly found that the criminal case and foreclosure action judgments against Appellant rested on determinations that he had no right to the mortgage or the mortgaged property. Appellant is thus precluded from claiming damages arising out of a failure to comply with the terms of the mortgage agreement or injury to the mortgaged property. Accordingly, we affirm the district court's judgment in favor of Appellee Banco Popular on all claims.

As against Appellee ASIC, we find that Appellant failed to state a claim against ASIC upon which relief could be granted. "[W]e are free to affirm a decision on any grounds supported in the record." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006). Here, appellant sought a declaratory judgment that Appellee ASIC is obligated to pay for damage to his property, pursuant to an ASIC insurance policy. However, the facts pleaded by Appellant establish that (1) ASIC's policy was effective

from August 2008 to August 2010; (2) the policy stated it provided coverage only for losses accruing during the policy period; and (3) the damage to the property occurred in 2007. Accordingly, his claim lacks "facial plausibility," *Iqbal*, 556 U.S. at 678, because Appellant alleged damage predating the policy.

Appellant also seeks to bring a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, against Appellee ASIC; however, we also affirm the district court's dismissal of this claim for failure to state a claim for the reasons set forth in the district court's well-reasoned order.

## II. Denial of Leave to Amend

We have held that district courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, leave to amend is not necessary when it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Generally, we review the denial of a motion for leave to amend the complaint for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), *cert. denied*, --- U.S. ---, 133 S. Ct. 846 (2013). However, where the denial is based on rulings of law, our review is *de novo*. *See Papelino v. Albany College of Pharmacy of Union University*, 633 F.3d 81, 88 (2d Cir. 2011).

Applying these standards, we affirm the district court's decision not to grant Appellant leave to further amend his complaint, for the reasons set forth by the district

court. Moreover, Appellant's argument on appeal, that the district court erred in failing to afford his complaint a liberal construction, is meritless. First, as an individual with legal training, Appellant "cannot claim the special consideration which the courts customarily grant to pro se parties." *Harbulak v. Cnty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981). Second, a *pro se* litigant may not bring a *qui tam* action on behalf of the United States. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."). Third, in a properly-commenced and pleaded *qui tam* action, the injury, and therefore the right to bring the claim, belongs to the United States. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 774–75 (2000). Appellant's proposed amendments, however, do not name the United States as a party, allege no harm to the federal government, do not allege that either Appellee submitted or caused to be submitted any claim (fraudulent or otherwise) to the United States, and merely reassert his claims that he was injured by the actions of the Appellees.

We have considered all of Pantoja's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5